# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOUGLAS L. SMITH and
JANET BONAFEDE-SMITH,
husband and wife,

       Plaintiffs,

vs.                                                     Civil No. 98-0558 BB/WWD

AMERICAN HOME PRODUCTS CORPORATION;
WHITEHALL-ROBINS LABORATORIES,
a Division of American Home Products;
PERRIGO CO.; PHARMACEUTICAL
FORMULATION, INC.; WAL-MART;
WALGREENS; and PRICE CLUB/
COSTCO WHOLESALE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Second Motion to Compel Production of Documents from Defendants American Home Products Corporation ("AHP") and Whitehall-Robins Laboratories, filed May 19, 2000 **[docket # 106]**.[1]

*Requests for Production No. 23, 24, 26, 30, 31 and 32*

Plaintiffs seek production of adverse experience reports, standard operating procedures relating to these reports and internal correspondence. The documents and materials sought in each one of these requests have already been raised and addressed at length in this Court's Order of June 8. See docket # 15. I agree with Defendants that Plaintiffs' requests are cumulative and take note of their not unreasonable frustration with Plaintiffs' discovery demands that fall so close

---

[1] The motion package was actually filed with the Court on June 5, 2000. Plaintiffs' "first" motion to compel was directed only to Defendant American Home Products. See docket # 99.

to the eve of trial.[2]  No further response to these requests is required.

*Request for Production No. 28*

Defendants have sufficiently described the document requested here as constituting work-product such that *in camera* review will not be required.  See Kelling v. Bridgestone/Firestone, 157 F.R.D. 496, 497 (D.Kan. 1994) (party claiming privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied). Defendants need not respond further to this request.

*Requests for Production Nos. 7, 9 (Investigator's Drug Brochure)*

Plaintiffs seek production of an "investigator's drug brochure" which was, according to Plaintiffs, referenced in deposition testimony as well as in the annual reports AHP submitted to the FDA.[3]  Defendants contend that the brochure no longer exists as a separate document because it has been incorporated into the IND (Investigational New Drug Application) which Defendants have already made available for Plaintiffs' inspection.  However, reference to the brochure as a separate document as recently as 1999, see Ex. 11 at 6, suggests that past brochures do exist as part of the record of documents AHP submitted to the FDA.  AHP shall produce these brochures or else certify that none of them exist to be produced.

*Interrogatory No. 43*[4]

---

[2] According to the parties' representation of the chronology of events set out in the first motion to compel, Plaintiffs cancelled several trips since 1998 (the last one in January 2000) to review the bulk of documents which Defendants made available for inspection and from which many of the disputes arise.

[3] Plaintiffs describe the brochure as providing physicians who participate in clinical trials with clinical information related to the "background of the drug and the rationale for exploration." See Pltffs' Ex. 8, 192, 196-97.

[4] Plaintiffs discuss this issue only in their reply, apparently having inadvertently omitted it from their memorandum brief, but the parties have included several supporting exhibits (Defts'

Plaintiffs seek material related to the rationale underlying AHP's reporting of adverse drug experiences. They contend that AHP's response to this interrogatory conflicts with its response to Interrogatory No. 9. See Pltffs' Ex. 9. Without commenting on this characterization of Defendant AHP's responses, I note that Defendant correctly observes that Interrogatory No. 43 requests only information. See Defts' Ex. A at 2 (". . . please state with specificity each and every reason. . . "). AHP has nevertheless since provided Plaintiffs with several documents related to the request, Exs. B & C (filed under seal), an act which Plaintiffs assume opens the door to another world of discovery in an attempt to obtain, even now, materials which were not asked for previously. No further response is necessary.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Second Motion to Compel Production of Documents from Defendants American Home Products Corporation and Whitehall-Robins Laboratories **[docket # 106]**, is hereby GRANTED IN PART and DENIED IN PART, as set out above;

**IT IS FURTHER ORDERED** that Defendant AHP shall provide responsive materials to Plaintiffs in Albuquerque as described above on or before Monday, June 26, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

---

Ex. A, Pltffs' Exs. 4 & 5) providing sufficient information on which to make a determination.